1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| BRUCE DERRICK CALHOON,<br>Disabled Air Force and Navy Veteran,<br><br>                                        Plaintiff,<br><br>        vs.<br><br>SAN DIEGO POLICE DEPARTMENT;<br>SAN DIEGO COUNTY and all of its<br>corrupt partners; SAN DIEGO SHERIF<br>DEPARTMENT; JUSTICE<br>DEPARTMENT; FBI; CHULA VISTA<br>POLICE DEPARTMENT; AMC 24<br>MOVIE THEATERS; UPS; SOCIAL<br>SECURITY; CHASE BANK; BANK OF<br>AMERICA; WELLS FARGO; MTS;<br>UCSD; USD; SDSU; MACYS; RALHPS;<br>SEARS; ROSS; ROGER T. BENITEZ;<br>STORMES; ETC... ,<br><br>                                        Defendants. | CASE NO. 10cv1629 WQH (POR)<br><br>**ORDER** |

HAYES, Judge:

22

The matters before the Court are Plaintiff's Motion to Proceed in Forma Pauperis (Doc.

23

# 2) and Motion to Appoint Counsel (Doc. # 3).

24

## BACKGROUND

25

On August 4, 2010, Plaintiff, a non-prisoner proceeding pro se, initiated this action by

26

filing his Complaint.  (Doc. # 1).  Also on August 4, 2010, Plaintiff filed his Motion for Leave

27

to Proceed in Forma Pauperis ("IFP") (Doc. # 2) and his motion to Appoint Counsel (Doc.

28

# 3).

**ANALYSIS**

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 2009).

In his affidavit accompanying his Motion to Proceed IFP, Plaintiff states he has not been employed since 1989.  (Doc. # 2 at 2).  Plaintiff states his only income is social security checks of $1,074.00 per month.  *Id.*  Plaintiff states he has no significant assets such as real estate or stocks.  *Id.* at 3.  Plaintiff states he has $5 in a checking account.  *Id.* at 2.  The Court has reviewed Plaintiff's affidavit of assets and finds that it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action.  The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915.

**II.     Initial Screening Pursuant to 28 U.S.C. § 1915(a)**

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B).

The standard used to evaluate whether a complaint should be dismissed is a liberal one, particularly when the action has been filed pro se.  *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976).  However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint "is frivolous where it lacks an arguable basis either in law or fact.  [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic,"

1    or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S.

2    at 327-28).

3         Plaintiff's Complaint is a single page of handwritten allegations. *See* Doc. # 1 at 1. On

4    the accompanying Civil Cover Sheet, Plaintiff states his cause of action is a claim under the

5    Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* at 2.  On the Civil Cover

6    Sheet, Plaintiff's "Brief description of cause" states "You are corrupt – Mayor Sanders says

7    so on T.V." *Id.*  Plaintiff's Complaint states, in its entirety:

8            that the above named and their corrupt partners in this gay wet county (wet
             counties are illegal – they have to be dry counties) attempted to murder me
9            Bruce Derrick Calhoun disabled air force and navy veteran again after
             falsif[y]ing federal court documents for the tenth time (10).  The CIA watched
10           (YMZ2Y confirmation number) Special Agent Amelia (FBI) watched.  They
             told me to get "down[.]" Two females in black and pants in the 4th floor clerk's
11           lobby of the United States District Court Southern District of California in
             another failed murder attempt with entrapment after you murdered my wife, my
12           mother, and my Grand Mother (Daphne Christie McKinney Calhoun, Mary
             Whitfiled Leach, Lila Polly Pope Whitfield).  This is the 11th filing and the 11th
13           murder attempt inside the Edward J. Schwartz Federal Building by prostitutes
             with video cell phones and pimps by federal judges with fake diplomas on their
14           walls, beach house, and Bugatti please!"

15   (Doc. # 1 at 1).

16        The Court dismisses the Complaint as lacking an arguable basis in fact pursuant to 28

17   U.S.C. § 1915(e)(2)(B)(i).

18   **III.   Appointment of Counsel**

19        In light of the Court's sua sponte dismissal of this action, Plaintiff's request for

20   appointment of counsel is denied as moot.

21                                **CONCLUSION**

22        IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis

23   (Doc. # 2) is **GRANTED**.  The Complaint is **DISMISSED** without prejudice, and this case

24   shall be closed.  The Motion to Appoint Counsel (Doc. # 3) is **DENIED** as moot.

25   DATED:  August 10, 2010

26                                     *William Q. Hayes*
                                  _____
27                                     **WILLIAM Q. HAYES**
                                     United States District Judge

28